UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Eastern District of Kentucky
**FILED**
AUG 03 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

PHILLIP LEROY WINES,

    Plaintiff,

v.

JAMES ERWIN, ET AL.,

    Defendants.

Civil No. 18-56-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Phillip Leroy Wines is an individual confined at the Eastern Kentucky Correctional Facility in West Liberty, Kentucky. Proceeding without an attorney, Wines has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983 and has paid the filing fee. [D.E. No. 1]

Because Wines is a prisoner seeking redress from officers and/or employees of a governmental entity, the Court must conduct a preliminary review of Wines' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A

1

complaint is subject to dismissal as "frivolous" where "it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court evaluates Wines' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

According to Wines' complaint and the documents that he attaches thereto, in June 2017, he received a large amount of money and went to see Defendant Donna Miller, CUA II, about opening a bank account.[1] [D.E. No. 1 at p. 2; 1-2] Wines

---

[1] Although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted). "Further, '[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit

2

alleges that he asked about buying government foreclosure homes to fix them up for his kids and was told that he was not allowed to buy any property while he was in prison. [*Id.*] He then alleges that, in November 2017, he put in a cash pay out ("CPO") request for $2,300.00 to send to his attorney, Tracy Todd Blevins. [*Id.*]

There is a conflict between his complaint and the grievance form attached to his complaint regarding the reason for his request. In his complaint, Wines states that he was attempting to send $2,300.00 to his attorney in November 2017 as payment towards the $5,000.00 retainer "for my two cases to appeal KY murder conviction and get my Florida detainer." [D.E. No. 1 at p. 2] However, this directly contradicts his statement in his original grievance that, after his meeting with Miller in June 2017 about opening a bank account (during which he mentioned that he was thinking about buying real property for his children), "on November 13th, 2017, I put a C.P.O. under my caseworkers door for $2,300.00 to send to my attorney (Tracy Todd Blevens (*sic*) – Blevens Law), that I was going to send to the bank for money to pay the balance due." [D.E. No. 1-2] Moreover, although the complaint cites to an October 24, 2017 letter from Blevins to Wines in support of his suggestion that she was being retained to assist with his appeal and/or other criminal matters, this

---

trumps the allegations.'" *Id.* (quoting *Williams, Williams v. CitiMortgage, Inc.*, 498 F. App'x. 532, 536 (6th Cir. 2012) (per curiam)).

3

letter does not indicate the subject matter of the representation. [D.E. No. 1 at p. 2, 1-2]

Wines' suggestion that he was seeking to retain Blevins to assist with his criminal matters is also contradicted by a review of the Kentucky court records related to Wines' criminal case, of which the Court takes judicial notice.[2] According to these court records, although Wines appealed his 2006 conviction, his conviction was affirmed by the Kentucky Supreme Court in June 2009. *Wines v. Commonwealth*, No. 2007-SC-81 (Ky. 2018). Although Wines filed a motion to vacate, set aside or correct sentence in the Jefferson Circuit Court pursuant to R.Cr. 11.42 of the Kentucky Rules of Criminal Procedure, the trial court's denial of this motion was affirmed by the Court of Appeals of Kentucky on October 17, 2014. *Wines v. Commonwealth*, No. 2012-CA-001306-MR, 2014 WL 5314698, at *1 (Ky. Ct. App. Oct. 17, 2014). The court records do not reflect any further filings by Wines seeking relief from his conviction or sentence.

Regardless, Miller told Wines that she needed verification that his request that the money be sent to Blevins was related to a court case. [D.E. No. 1 at p. 2; 1-2] Wines states that he provided her with the above-referenced letter from Blevins

---

[2] The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

4

requesting a retainer for her retention, but his request was denied by Warden Kathy Litteral. [*Id.*] He appealed the denial to Kentucky Department of Corrections ("KDOC") Commissioner James Erwin, but appeal was denied. [D.E. No. 1 at p. 2-3] In his letter denying Wines' appeal (a copy of which is attached to Wines' complaint), Commissioner Erwin states that "[a]s stated at all levels of the grievance, according to CPP 15.7 inmates are not allowed to send money outside of the facility...[d]ue to illicit activities that inmates have been engaged in while housed in the Department." [D.E. No. 1-2] Commissioner Erwin further explained that, because Wines' "request to send money out to an attorney was not for a criminal case but for a property issue...the facility was correct to deny your request." [*Id.*]

Based on these allegations, Wines claims that his inability to transfer money to his attorney violates his due process rights because he has been denied his rights to meaningful access to the courts. [D.E. No. 1 at p. 4] Wines seeks to bring his claims in this action pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

As an initial matter, "[p]risoners have no constitutional right to conduct business activities." *Johnson v. Wilkinson*, 42 F.3d 1388 at *3 (Table) (6th Cir.

5

1994) (citing *French v. Butterworth*, 614 F.2d 23, 24 (1st Cir. 1980). *See also Garland v. Polley*, 594 F.2d 1220, 1221-1222 (8th Cir.1979); *Jackson v. Russo*, 495 F.Supp.2d 225, 228-29 (D.Mass. 2007); *Valentine v. Gray*, 410 F.Supp. 1394, 1396 (S.D. Ohio 1975). Thus, to the extent that Wines' complaint alleges that his inability to transfer money to his attorney interfered with his ability to purchase property outside of prison, this claim fails to allege a constitutional violation. Wines simply does not have any constitutional rights with respect to efforts to conduct business activities while incarcerated, including to purchase real property.

Next, the right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). By its terms, the right of access to the courts extends only to an inmate's direct criminal appeal, habeas corpus applications, and civil rights claims related to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). *See also Lewis v. Randle*, 66 F. App'x 560, 561–62 (6th Cir. 2003).

To state a claim for denial of access to the courts, a plaintiff must show actual injury to a nonfrivolous claim. *Lewis*, 518 U.S. at 353-55. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-*

*Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." ).

Here, Wines fails to allege any injury to a nonfrivolous legal claim. To the extent that Wines' allegations imply that he sought to retain Blevins to represent him with respect to "two cases to appeal KY murder conviction and get my Florida detainer," his complaint is devoid of any specific information regarding these proceedings (for example, case numbers, where these cases are pending, when these cases were filed), much less any allegations that he has suffered any actual injury to his claims in those cases. Indeed, any suggestion that Wines' inability to retain Blevins in November 2017 caused him injury with respect to his criminal appeal is clearly without merit, as his conviction was affirmed on appeal by the Kentucky Supreme Court in June 2009 and the Court of Appeals of Kentucky affirmed the trial court's denial of his motion to vacate in October 2014, decisions that Wines did not appeal further. *See Arflack v. Cty. of Henderson, Ky.*, No. CIV.A.4:07CVP144-M, 2009 WL 3210604, at *9 (W.D. Ky. Sept. 30, 2009), *aff'd sub nom. Arflack v. Cty. of Henderson, Kentucky*, 412 F. App'x 829 (6th Cir. 2011)(no "actual injury" alleged where review of state court appellate records demonstrates that plaintiff was neither

prejudiced by defendant's delay in processing copy requests nor prevented from accessing the appellate courts).

Despite Wines' vague references to a criminal appeal and a Florida detainer, even if such cases exist, Wines' complaint fails to allege any litigation-related detriment he has suffered in these cases related to his inability to forward $2,300.00 to Blevins, an essential component of a right-of-access claim. *Lewis*, 518 U.S. at 348-50. Because Wines does not allege that he was prevented from asserting any particular legal claim in a pending case, he fails to allege that he suffered an actual injury from the conduct about which he complains.

Because the factual allegations of Wines' complaint fail to state a claim for a constitutional violation, his complaint will be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Wines' complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending requests for relief are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

This 2nd day of August, 2018.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge